# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOHN J. SIMEONE,

               Plaintiff,

-vs-                                      Case No.  6:07-cv-890-Orl-31-GJK

SPECIALITY ROOFING AND COATING
COMPANY and MARK SCHMIDTER,

               Defendants.

_____

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**    **PLAINTIFF'S AMENDED MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT** (Doc. No. 19) |
| **FILED:**      **FEBRUARY 18, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED** |

## I.      BACKGROUND

On May 25, 2007 and  pursuant to 29 U.S.C. § 216(b), Plaintiff John J. Simeone ("Plaintiff")

filed his Fair Labor and Standards Act ("FLSA"),  Complaint (Doc. No. 1) against Specialty Roofing and

Coating Company and Mark E. Schmidter (hereinafter collectively "Defendants").  Specifically, Plaintiff

alleged that Defendants failed to pay any overtime compensation, arbitrarily deducted certain wages, and

withheld Plaintiff's last paycheck.  After being properly served on June 5, 2007 (Doc. Nos. 5, 6), the

Defendants did not respond to the Complaint.  On August 27, 2007 and pursuant to Rule 55(a), Federal

Rules of Civil Procedure (2007), the Clerk entered a default against the Defendants for failure to plead or otherwise defend as provided in the rules governing civil actions in federal court (Doc. No. 10).

On October 4, 2007, Plaintiff filed his first Motion for Entry of Default Final Judgment (Doc. No. 11), but the Court denied the first motion without prejudice on October 9, 2007, because "Plaintiff's evidence in support of the claimed $5,850 in unpaid wages and liquidated damages is insufficient to establish the amount claimed." Doc. No. 12. Plaintiff did not immediately renew his motion and on November 19, 2007, the Court entered an Order to Show Cause to Plaintiff. Doc. No. 13. On December 4, 2007, Plaintiff responded and sought guidance from the Court regarding what would constitute sufficient evidence to support his motion. Doc. No. 14 at ¶ ¶ 3.

On December 11, 2007, the Court entered an Order (Doc. No. 15) which stated:

> On or before January 4, 2008, Plaintiff may file an amended motion for default judgment supported by sufficiently specific affidavits and documentary evidence from which the Court may calculate a judgment amount.

Doc. No. 15. Plaintiff did not file an amended motion as directed, but rather filed a Notice of Filing Amended Affidavit in Support of Plaintiff's Damages. Doc. No. 16. On February 6, 2008, the Court entered a second Order to Show Cause. Doc. No. 17. Plaintiff responded on February 18, 2008, and on that same day filed his Amended Motion for Entry of Default Final Judgment (the "Amended Motion").

On February 18, 2008, a copy of the Amended Motion was mailed to Defendants at their address. Doc. No. 19 at 4. Defendants have not filed any opposition to the Amended Motion. *See* Local Rule 3.01(b).

## II.    THE LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158

at *1 (M.D. Fla. April 9, 2008), a different court of this district held:

> By failing to answer the complaint, Defendant admits that it employed
> Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life
> Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted
> defendant is deemed to admit the plaintiff's well-pleaded allegations of
> fact."). Defendant also admits that it was an employer and was required
> to comply with the FLSA. *See Id*. Additionally, Defendant admits that
> it failed to pay overtime compensation as required by the FLSA and that
> its conduct was willful. *See Id*. Accordingly, by failing to respond to the
> complaint, Defendant is liable to Plaintiff for the overtime compensation
> owed to Plaintiff for his work.

*Id*. A plaintiff may establish the necessary facts and amount of damages with an affidavit. See Rule

55(b), F.R.C.P. (2007). Additionally, an employer who wilfully violates the provisions of the FLSA is

liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29

U.S.C. ¶ 216(b) (2007).

## III.    APPLICATION

In his affidavit (Doc. No. 19-3) Plaintiff states that he was employed by Defendants from

September 2006 through March 30, 2006 as a mechanic. *Id*. at ¶ 4. Pursuant to 29 U.S.C. § 207(a)(1)[1],

Plaintiff was entitled to be paid one and one-half time his regular rate of pay for all hours worked in

excess of forty (40) hours during a workweek. Plaintiff stated in his Complaint (Doc. No. 1 at ¶ 22) and

---

[1]"Except as otherwise provided in this section, no employer shall employ any of his
employees who in any workweek is engaged in commerce or in the production of goods for
commerce, or is employed in an enterprise engaged in commerce for a workweek longer than
forty hours unless such employee receives compensations for his employment in excess of
the hours above specified at a rate not less than one and one-half times the regular rate at
which he is employed." 29 U.S.C. ¶ 207(a)(1).

in his affidavit (Doc. No. 19-3 at ¶ 4) that he was paid an hourly wage of $15 per hour.  During his ten weeks of employment, Plaintiff's affidavit states that he worked for approximately one hundred (100) hours of overtime without compensation or ten (10) hours of uncompensated overtime per week.  Doc. No. 19-3 at ¶¶ 6-9.  Plaintiff's calculations for unpaid overtime are as follows: (1) 10 hours of overtime per week multiplied by 10 weeks equals 100 total hours of overtime;(2) 100 hours of overtime multiplied by $15 per hour equals $1500; and (3) 1.5 multiplied by $1500 equals $2,250 in overtime owed.  Doc. No. 19-3 at ¶ 15.

Pursuant to 29 U.S.C. § 216(b), Defendants are also liable for liquidated damages which equals the same amount as the unpaid overtime compensation.  *Schmidlin*,  2008 WL 976158 at *2.  Thus, Plaintiff also calculates an additional $2,250 for liquidated damages. Doc. No. 19-3 at ¶ 15.

Plaintiff's affidavit avers that Defendants also arbitrarily reduced the actual hours Plaintiff worked by fifty (50) hours.  Doc. Nos. 1 at ¶ 24; 19-3 at ¶ 13.  Plaintiff calculates that he is entitled to $750, or $15  per hour multiplied by fifty (50) hours, in unpaid wages.  Additionally, the Complaint (Doc. No. 1 at ¶ 16) alleged that the Defendants refused to issue Plaintiff his last paycheck, which his affidavit valued at $600 (Doc. No. 19-3 at ¶ 14).  Based on Plaintiff's calculations, his total damages are $5,850.

"In addition to collecting all of his unpaid wages, an FLSA plaintiff can recover reasonable attorney's fees and costs from the defendant." *Schmidlin*, 2008 WL 976158 at *2.  In support of Plaintiff's Amended Motion, counsel for Plaintiff filed an affidavit attesting that the total fees equaled $2,580 (8.6 hours multiplied by $300 rate per hour) and the total costs equaled $439.03.  Doc. No. 19-2 ¶¶ 5-7.  Plaintiff's counsel attached his billing records (Doc. No. 19-2 at 6) and cost ledger (Doc. No.

19-2 at 8) to his affidavit.  Doc. No. 19-2.  Counsel avers the fees and cost are reasonable and states he

"customarily" bills his clients at a rate of $300.00 or more per hour.  Doc. No. 19-2 at ¶ 5.

  Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and

costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988) (emphasis

added).   However, the Court may use its own expertise to determine the appropriate rate to apply for

an attorney's fee award.  *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)**;** *Norman*, 836

F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D.

Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

  According to counsel's records, he worked 8.6 hours at a rate of $300.00 per hour for a total of

$2,580 in attorney's fees.  Doc No. 19-2 at 3 ¶ 6, 6.  Counsel has accepted  lower rates in negotiated

settlements,[2] and had a requested rate of $300.00 per hour reduced  to $160.00 per hour by the Court

---

  [2]*Galvan v. Wok-Tok, Inc.*, Case No. 6:06-cv-730-ACC-JGG, Doc. No. 48 at 3 (M.D. Fla. May 1, 2007) ($200 per hour rate); *Mann v. Leor Construction, LLC*, Case No. 6:06-cv-1217-JA-UAM, Doc. No. 28 at 3-4, (M.D. Fla. July 24, 2007) ($88 per hour rate); *Kottler v. PWG Franchising, LLC*, Case No. 6:06-cv-1439-GAP-UAM, Doc. No. 29 at 4 (M.D. Fla. August 2, 2007) ($210.53 per hour rate); *Livingston v. AboutSatellite.com, Inc.*, Case No. 6:06-cv-1471-GAP-UAM, Doc. No. 42 at 3 (M.D. Fla. May 29, 2007) ($161.29 per hour rate).

in another case.[3]   Based on the total amount of fees sought for the work done in this particular case, it is recommended that the Court find a rate of $250.00 per hour is reasonable.

**THEREON** it is **RECOMMENDED** that:

1. Plaintiff's Amended Motion for Entry of Default Final Judgment (Doc. No. 19) be granted;

2. Plaintiff be awarded the following:

   a. $2,250 in unpaid overtime compensation;

   b. $2,250 in liquidated damages;

   c. $1,350 ($750 plus $600) in unpaid wages including his final paycheck; and

   d. $2,150 ($250 x 8.6 hours) in reasonable attorney's fees and $439.03 costs.

**RECOMMENDED** at Orlando, Florida on May 15, 2008.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[3]*King v. FSA Network, Inc.*, Case No. 6:07-cv-78-Orl-22JGG, Doc. No. 29 (M.D. Fla. October 19, 2007).